COLLECTOR OF TAXES OF WEST BRIDGEWATER vs. HENRY DUNSTER
& another, executors.

Plymouth.    October 17, 1918. — November 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax*, Abatement, Remedy for over-taxation.  *Executor and Administrator.*

The general principle is well established, that relief against excessive taxation can
be had only by abatement and that it is only where the whole tax is void that its
invalidity can be shown by way of defence to an action to recover the tax.

The fact, that a will was contested and that it was not allowed by the Probate Court
until the time fixed by St. 1909, c. 490, Part I, §§ 42, 72, 73, for the filing by the
executor of a list of the taxable property of the estate for each of three succes-
sive years after the death of the testator had expired, does not give the executor,
who filed no list and no petition for abatement, the right to set up an alleged
excessive taxation of personal property in his hands as executor, because he had
as matter of law sufficient excuse for delay in filing a list and asking for an
abatement until after the lapse of such time subsequent to his appointment as
reasonably would enable him to ascertain the nature and amount of the prop-
erty held by him as executor, and he had failed to file any list or any petition in
abatement after that.

In an action against an executor for the collection of such a tax under the circum-
stances named above, where the defendant was not permitted to show in defence
that the tax was excessive, it was *said* that, as the executor had filed no list and
no petition for an abatement, it was not necessary to inquire whether the pro-
visions of the statute fixing the times for filing a list of taxable property and for
filing a petition for abatement of a tax had any application at all to such a case.

In the same case it also was *said* that it was not necessary to consider, whether the
fact, that bonds of corporations and shares of corporate stock representing a
considerable part of the estate of the testator were at the time of the testator's
death in a safe deposit box in a city in another State in the hands of a custodian
appointed under the laws of that State who had paid taxes thereon in such
State, would have been a sufficient ground for abatement of a part of the taxes
sought to be recovered, if that fact had been presented seasonably to the assessors
of the taxing town in this Commonwealth.

CONTRACT by the collector of taxes of the town of West Bridge-
water against the executors of the will of Horace W. Howard, late
of that town, who died on January 14, 1913, for taxes alleged to
be due for the years 1913, 1914 and 1915.  Writ dated October 11,
1916.

In the Superior Court the case was submitted upon an agreed
statement of facts and a supplemental statement of agreed facts to

*Jenney, J.,* who found for the plaintiff and ordered that judgment be entered in his favor in the sum of $6,714.68. At the request of the parties the judge reported the case upon the pleadings, the agreed statements of fact and the order of judgment for determination by this court.

*A. F. Barker,* for the defendants, submitted a brief.

*O. Storer,* for the plaintiff.

RUGG, C. J.  This is an action by the collector of taxes of the town of West Bridgewater in this Commonwealth, to recover taxes assessed for the years 1913, 1914 and 1915 upon the personal estate of Horace W. Howard, who died a resident of that town in January, 1913.  There was a contest over the allowance of his will, so that it was not established until January, 1916, when the defendants were appointed his executors.  At the time of his death there were several articles of furniture and personal effects and a carriage and a few tools in West Bridgewater, and, as we interpret the agreed facts, they have since remained there.  Therefore manifestly some personal estate of the testator was subject to taxation in that town.  The assessors of West Bridgewater had jurisdiction to levy a tax.  Scarcely any proposition in the law of taxation is more firmly settled than that the sole remedy for over-taxation, arising either from excessive valuation or from the inclusion with property subject to taxation of other property not so subject, is by abatement.  *Sears* v. *Nahant,* 221 Mass. 435, and cases collected.  *Sullivan* v. *Ashfield,* 227 Mass. 24, 26.

The chief contention of the defendants is that they have a right to try the amount for which they ought to have been taxed by way of defence to this action, because they could not put themselves in position to secure an abatement for the reason that they could not file a list within the time required by St. 1909, c. 490, Part I, §§ 42, 72, 73, not then having been appointed executors. That fact is not of consequence under the circumstances shown by this record, because there was as matter of law sufficient excuse for delay in filing a list and asking for an abatement until after the lapse of such time subsequent to their appointment as reasonably would enable them to ascertain the nature and amount of their estate.  See § 73 and *Parsons* v. *Lenox,* 228 Mass. 231. Although there is some plausibility in the argument of the defendants, it does not appear sound.  The general principle that relief

against excessive taxation must be had by abatement, and that it is only when the tax is wholly without validity that it can be disputed by way of defence to an action to recover the tax, is well established. It is simple and easily understood, a characteristic of signal value in the administration of tax laws. There are no features in the case at bar of such significance as to make an exception to that salutary general rule.

It is not necessary to inquire whether the time limitations as to the list and petition for abatement are applicable at all to a case like the present, because no list has been filed and no petition for abatement presented. It also need not be determined whether the circumstances that a considerable part of the estate of the testator, consisting of corporation stocks and bonds, was in a safe deposit box in Providence, in the State of Rhode Island, at the death of the testator, and that a custodian appointed under the laws of that State took possession of that property and paid taxes thereon in the city of Providence, would have been sufficient cause for abatement of the taxes now sought to be recovered provided they had been seasonably presented to the assessors of the taxing town by appropriate means. See, in that connection, *Welch* v. *Boston,* 221 Mass. 155; *Putnam* v. *Middleborough,* 209 Mass. 456; and *Gray* v. *Lenox,* 215 Mass. 598.

*Judgment for the plaintiff affirmed.*