MERRILL B. NEARIS, trustee, *vs.* CITY OF GLOUCESTER & others.

Essex.   February 3, 1970. — April 7, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Taxation,* Real estate tax: abatement. *Equity Jurisdiction,* Declaratory relief, Tax.

Nothing alleged in the bill in a suit in equity for declaratory and injunctive relief against collection by a city of taxes for a certain year on property of the plaintiff, who complained that the taxes were illegal because appraisers assisting the city's assessors in revaluing property were "unqualified to determine taxes," presented a situation for substituting such relief for the abatement procedure provided in G. L. c. 59.

BILL IN EQUITY filed in the Superior Court on July 8, 1968.

---

The suit was heard by *Bennett*, J., on demurrer.

*Merrill B. Nearis*, trustee, pro se, submitted a brief.

*David B. Gardner*, City Solicitor, for the defendants.

SPALDING, J.  This is a bill for declaratory and injunctive relief against the defendants' collection of 1967 real estate taxes on the plaintiff's property.  The defendants filed a demurrer, which included as one of its grounds that the plaintiff had an "exclusive and adequate remedy" under the abatement provisions of G. L. c. 59.  The demurrer was sustained and the plaintiff appealed.

The averments in this diffuse and artlessly drawn bill are as follows.  The plaintiff states that he owns two parcels of real estate in Gloucester at 63 and 65 Atlantic Road, respectively.  The taxes on the property for 1967 were $1,454 and $1,675.  These taxes were based on a city-wide re-valuation of property done in 1966 and 1967 by a firm of appraisers hired for that purpose.  The Appellate Tax Board (board) has determined that these appraisers were not qualified to evaluate or appraise real estate in Gloucester and the taxes based on their assessments are illegal.[1]  On June 8, 1968, the plaintiff sent a letter to city officials [2] stating his conclusion that the taxes were "computed . . . by a person unqualified to determine taxes on real estate in Gloucester," and requesting that a "qualified person . . . determine . . . the taxes."  He also requested that the city suspend its action to collect the 1967 taxes, pending this redetermination.  Within thirty days after such redetermination he stood ready to "tender full payment" of the taxes so established.  On July 19, 1968, the plaintiff received a notice of the initiation of proceedings by the city for the collection of taxes.  The plaintiff has appealed the assessment on one of the parcels (65 Atlantic Road) to the board.  As to the other parcel (63 Atlantic Road) the plaintiff "se-

---

[1] The bill does not reveal the circumstances in which this alleged ruling was made; all that it shows is that in some proceeding before the board the firm of appraisers hired by the city was deemed by the board "not qualified to . . . appraise real estate in Gloucester."

[2] The letter was sent to the city manager, the treasurer and collector, and the board of assessors.

cured the property . . . after the time of [a]ppeal to the Appellate Tax Board expired." The bill contained, inter alia, prayers for an injunction (pending a hearing on the merits) against the city from collecting the taxes, for a declaration that the 1967 taxes were void because not legally determined, and for "no less than $5,000.00 for the prosecution of this . . . [bill]."

Our decisions make clear that, absent extraordinary circumstances, the abatement procedure provided in G. L. c. 59, § 59, is the exclusive remedy for excessive assessment. *Choate* v. *Assessors of Boston,* 304 Mass. 298, 301. *Codman* v. *Assessors of Westwood,* 309 Mass. 433, 436–437. *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223. In exceptional cases, however, such as those described in the *Bettigole* case, extraordinary relief, apart from the abatement remedy, may be granted. In *Leto* v. *Assessors of Wilmington,* 348 Mass. 144, 148, where we upheld the denial of such relief, the criteria for extraordinary relief were set forth, including the requirement that "relief by ordinary abatement procedures . . . will be seriously inadequate." The plaintiff, a single taxpayer who alleges that his property taxes are illegal because the appraisers assisting the city's assessors in revaluing property may not have had the requisite qualifications, does not meet this condition. The ordinary abatement procedures, which are not shown to be "seriously inadequate," are open to him to seek a revaluation if his assessments are too high. Nothing alleged in this bill presents a situation for substituting declaratory or injunctive equitable relief for the usual statutory remedy.

The denial of the plaintiff's motion to amend his bill reveals no error of law.

*Interlocutory decree sustaining demurrer affirmed.*
*Final decree dismissing the bill affirmed with costs of appeal.*