SEARS, ROEBUCK AND CO. *vs.* CITY OF SOMERVILLE.

Middlesex. January 4, 1973. — June 21, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Taxation,* Real estate tax: assessment, abatement, void tax.

Where the owner of real estate in a city alleged that the property was assessed at a higher percentage of full and fair value than other property in the city and that the assessment was excessive, but made no allegation that the entire tax was void, the owner had an adequate remedy to recover the alleged illegal excess through abatement procedures pursuant to G. L. c. 59, §§ 59, 64, 65, and did not have a remedy by an action of contract under c. 60, § 98. [757–759]

CONTRACT. Writ in the Superior Court dated March 6, 1972.

The case was heard by *Tomasello,* J., on demurrer.

*David J. Saliba* for the plaintiff.

*Paul F. Hennessey,* Assistant City Solicitor, for the City of Somerville.

HENNESSEY, J. This is an appeal from an order of a Superior Court judge sustaining the defendant's demurrer to the plaintiff's declaration in an action of contract.

The facts as stated in the declaration are as follows. The plaintiff (Sears) owns a warehouse and 351,020 square feet of land in the city of Somerville. On September 7, 1971, the city issued a bill for property taxes for the year 1971. The property was assessed at $736,500 and the tax due was $130,851.45. On November 3, 1971, Sears paid the tax under protest. A sales ratio study has been made concerning 348 sales of real estate in Somerville revealing that the defendant did not assess its real estate at full and fair cash value as required by G. L. c. 59, § 38. The city assessed real estate at 29.7% of cash value in 1971, and assessed Sears at a higher per-

centage of fair cash value. The declaration further contends that the erroneous assessment resulted in an illegal excess pursuant to G. L. c. 59, § 82, and that the action was brought pursuant to G. L. c. 60, § 98.

The city's demurrer was based on the ground that unless a tax is entirely void, an action in contract against the city is not available.

The sole issue here is whether on the allegations of the declaration, Sears has a remedy in an action of contract. We conclude that it did not have such a remedy, and that the city's demurrer was rightly sustained.

Sears argues that an action in contract is available to recover excessive illegal taxes, and relies exclusively on G. L. c. 60, § 98,[1] and on dictum in *Bettigole* v. *Assessors of Springfiield*, 343 Mass. 223, 236.[2] The city, on the other hand, argues that a contract action for illegally assessed taxes does not lie unless the *entire* tax assessed to the plaintiff is void. If any part of the tax assessed is legally due, the city argues, then the plaintiff must resort to the abatement procedures pursuant to G. L. c. 59, §§ 59, 64 and 65. Judicial review of these administrative remedies is provided by G. L. c. 58A, § 13.

There is no doubt that the italicized portion of c. 60, § 98, reproduced in fn. 1, *supra*, as well as the language cited from the *Bettigole* case, reproduced at fn. 2, *supra*, tend to support Sear's contention. See *Stone* v. *Springfield*, 341 Mass. 246, 251; *Leto* v. *Assessors of Wilmington*, 348 Mass. 144, 147; *Shoppers' World, Inc.* v. *Assessors of Framingham*, 348 Mass. 366, 376. It is equally clear, however, that we have on several occasions stated unequivocally that an action under c. 60, § 98, cannot be

---

[1] Section 98 in relevant part reads: "No action to recover back a tax shall be maintained . . . unless commenced within three months after payment of the tax nor unless such tax is paid . . . after . . . a [signed] written protest. . . . *In an action founded on an error or irregularity in the assessment or apportionment of a tax, only the amount in excess of the tax for which the plaintiff was liable shall be recoverable . . .*" (emphasis added).

[2] The language Sears rests its case on follows. "[W]e view [G. L. c. 59, § 82] as designed primarily to permit recovery under G. L. c. 60, § 98, of only the amount in excess of that which the taxpayer would have been bound to pay if correctly assessed."

maintained unless the tax is wholly void, and the exclusive remedy to secure adjustment of an excessive tax is by abatement. *Central Natl. Bank* v. *Lynn*, 259 Mass. 1, 6–7.[3] *Hairenik Assn. Inc.* v. *Boston*, 313 Mass. 274, 278. *Norwood* v. *Norwood Civic Assn.* 340 Mass. 518, 523–524. After reviewing all of the pertinent statutes, including the abatement provisions of G. L. c. 59, we reiterate that rule now.[4]

We do so because the intent of the Legislature mandates such a result. First of all, the Legislature has set up a complete and adequate administrative remedy under G. L. c. 59, § 59 et seq. To allow a civil action to recover an excess tax would transfer to the courts a function which the Legislature has delegated to an administrative body. It would create the possibility of a multiplicity of civil actions to recover illegally assessed taxes,

---

[3] We said at 259 Mass. 6–7: "An action of contract, such as is the one at bar, to recover a tax under G. L. c. 60, § 98, cannot be maintained unless the tax is wholly void. That has been frequently determined. *Harrington* v. *Glidden*, 179 Mass. 486, where earlier decisions are collected and reviewed, affirmed in *Glidden* v. *Harrington*, 189 U. S. 255. *Sullivan* v. *Ashfield*, 227 Mass. 24. *Collector of Taxes of West Bridgewater* v. *Dunster*, 231 Mass. 291, 293. That point, so far as it is a matter of the law or the interpretation of the statutes of this Commonwealth, is foreclosed by these adjudications and is not now open to discussion. To the same effect are the decisions of the Supreme Court of the United States. *Forham Manuf. Co.* v. *Tax Commission of New York*, 266 U. S. 265, 269, 270. *Western Union Telegraph Co.* v. *Gottlieb*, 190 U. S. 412, 427. Where there is property subject to taxation and the essential ground for complaint is excessive valuation or excessive tax, the sole and sufficient remedy is by a petition for abatement. It is immaterial whether there has been a valuation of property at an amount higher than its real worth, the inclusion of property not rightly subject to taxation to the aggrieved taxpayer, the calculation of the tax upon a wrong or an inapplicable principle, or other invalidity, the statutes afford ample means for obtaining relief and securing justice by a complaint for abatement. Whatever may be the basis of overassessment, the exclusive and adequate remedy is afforded by abatement proceedings under G. L. c. 59, §§ 59–74, both inclusive."

[4] The rule we reiterate relates only to an action at law to secure adjustment of an excessive tax. Other remedies to correct nonproportional assessment and assessment at less than 100% of full, fair cash value, to the extent they may be available, are not before us, e.g. (1) declaratory and injunctive relief (*Bettigole* v. *Assessors of Springfield*, 343 Mass. 223; *Leto* v. *Assessors of Wilmington*, 348 Mass. 144, 148–149; *Nearis* v. *Gloucester*, 357 Mass. 203), and (2) relief under G. L. c. 40, § 53. *Bennett* v. *Assessors of Whitman*, 354 Mass. 239.

and it is entirely improbable that the Legislature intended any such result. It would allow a taxpayer to defeat the timing requirements of G. L. c. 59, § 59, and thereby thwart the intent of the Legislature in establishing them. It can be reasonably assumed that the Legislature contemplated that an administrative board, with flexible procedures, charged solely with tax review, could effect some consolidation of cases from a single community (see *Shoppers' World, Inc.* v. *Assessors of Framingham*, 348 Mass. 366, 376, fn. 8) and that an administrative board would have the specialized expertise to deal with cases involving mostly factual issues. Finally, requiring a taxpayer to resort to the abatement remedy in no way deprives him of the judicial review of administrative action as provided by the Legislature under G. L. c. 58A, § 13.

The declaration here did not allege that the tax was void but only excessive. Nor were there specific allegations of fact which would serve to support a conclusion that the tax was void. The language here is reminiscent of the allegations of the *Bettigole* case, *supra*, but it falls far short of alleging substantive facts that the assessors of the city were engaged in such a "widespread scheme of intentional discrimination" (343 Mass. at 234, quoting from the *Stone* case, *supra*, at 251) as to render the tax unconstitutional and void.

*Order sustaining demurrer affirmed.*