CITY OF BOSTON & another[1] vs. SECOND REALTY
CORPORATION
(and three companion cases).

Suffolk.    November 16, 1979. — February 27, 1980.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Taxation,* Real estate tax: assessment. *Jurisdiction,* Declaratory relief,
Tax.

In actions by the city of Boston under G. L. c. 60, § 35, to collect unpaid
real estate taxes and unpaid water and sewer use charges, in which the
defendants alleged deliberate disproportionate and discriminatory
assessment, summary judgment for the city was properly granted
where the defendants failed to show the extraordinary circumstances
necessary to permit a challenge to the assessments other than by
following the procedures prescribed in c. 59, § 59. [283-285]

CIVIL ACTIONS commenced in the Municipal Court of the
City of Boston on November 3, 1977.

On removal to the Superior Court the cases were heard by
*Ford,* J., on motions for summary judgment.

The case was submitted on briefs.

*Keith D. Vincola* for the defendants.

*Walter H. McLaughlin, Sr., & Michael Eby* for the plain-
tiffs.

DREBEN, J.    These appeals concern four actions[2] brought
by the city of Boston (city) under G. L. c. 60, § 35, to collect
unpaid real estate taxes and unpaid water and sewer use
charges on a total of fifteen parcels of real estate for a num-

---

[1] The collector of taxes of Boston.

[2] Separate actions were brought by the city against Second Realty Cor-
poration, Arba Realty Corporation, LNB Realty Corporation and Third
Realty Corporation. All involve the same issues of law although they
relate to different parcels of land.

ber of tax years, some going back as far as 1971.[3]  The answers, which were not verified, alleged deliberate dispro- portionate and discriminatory assessment by the city and sought declaratory and injunctive relief barring the city from "collecting any real estate taxes or other monies al- leged to be due."  Affidavits were filed by the parties and the city's motion for summary judgment was granted in each action.  The defendants argue on appeal that summary judgments should not have entered as the entire tax was il- legal and unconstitutional.  We disagree and affirm the judgments.

The city urges that the defendants have not set forth spe- cific facts to counter the evidence supporting its motions for summary judgment, as required by Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974).  While it is probable that the city is correct, we do not reach that question, as we uphold the judgments on a more basic ground, also raised by the city, namely, that the defendants have not shown the extraordi- nary circumstances necessary to permit a challenge to the assessments other than by following the procedures pre- scribed by G. L. c. 59, § 59.

Since the 1965 decision in *Shoppers' World, Inc.* v. *Asses- sors of Framingham*, 348 Mass. 366, 377 (1965), which firmly established an administrative remedy under G. L. c. 59, § 59, for claims of disproportionate assessment, the Supreme Judicial Court has confined alternative remedies within "narrow limits."  *Tregor* v. *Assessors of Boston*, 377 Mass. 602, 606 (1979).  "Unless the administrative remedy is 'seriously inadequate' under all the conditions of the case, it should not be displaced by an action for a declaration (see *Leto* v. *Assessors of Wilmington*, 348 Mass. 144, 149 [1964]), and care must be taken lest allowance of a judicial substi- tute disrupt unduly the orderly collection of tax."  *Sydney* v. *Commissioner of Corps. & Taxn.*, 371 Mass. 289, 294

---

[3] The unpaid taxes of Second Realty Corporation were for years 1971- 1977; Arba Realty Corporation, years 1972-1977; LNB Realty Corpora- tion, years 1972-1977; Third Realty Corporation, years 1973-1977.

(1976). Whether relief has been sought by a statutory remedy, as in *Sears, Roebuck & Co.* v. *Somerville*, 363 Mass. 756, 758 & n.3 (1973) (G. L. c. 60, § 98), or by a declaration, as in *Nearis* v. *Gloucester*, 357 Mass. 203, cert. denied, 400 U.S. 918 (1970), relief has been denied unless the abatement procedures are "seriously inadequate."

The court in *Sears* left open a possible challenge to a wholly void tax under G. L. c. 60, § 98. In the present actions, the city is seeking substantial amounts for unpaid sewer and water charges which have become part of the tax to be collected under G. L. c. 60, § 35, by reason of G. L. c. 40, § 42C, and G. L. c. 41, § 38A, and such charges have not been challenged. There is thus no claim by the defendants that the tax is wholly void. See *Collector of Taxes of West Bridgewater* v. *Dunster*, 231 Mass. 291, 292 (1918).

Moreover, although their claim is couched in terms of invalidity, the defendants do not suggest they are not subject to any tax, that the tax is for an illegal purpose or that the assessors lack jurisdiction. The substance of their defense to these actions is that the taxes which were imposed were too high. In such circumstances we do not think the taxpayer is relieved from following the normal abatement route. See *Harrington* v. *Glidden*, 179 Mass. 486, 492-493 (1901), aff'd, 189 U.S. 255 (1903). Even where the tax is alleged to be wholly void, if the substance of the claim is that the assessment is excessive, and if the ordinary abatement procedures "are open to . . . (the taxpayer) to seek a revaluation," G. L. c. 59, § 59, is the exclusive method of challenge absent extraordinary circumstances. See *Nearis* v. *Gloucester*, 357 Mass. at 205.

The criteria for extraordinary relief are those set forth in *Leto* v. *Assessors of Wilmington*, 348 Mass. 144, 148-149 (1964).[4] The defendants have not shown that the abate-

---

[4] After discussing *Bettigole* v. *Assessors of Springfield*, 343 Mass. 223 (1961), where prior to the commitment of the tax list to the collector of taxes, the court prevented the enforcement of an illegal assessment for a given year, the court in *Leto* stated ". . . such somewhat extraordinary relief will not be granted (1) unless basic facts exist showing essentially a

ment procedures are "seriously inadequate." The fact that the time period for obtaining administrative relief has run is no reason to permit declaratory relief. *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 479 (1962). *Goldman* v. *Planning Bd. of Burlington,* 347 Mass. 320, 326 (1964). *Gallo* v. *Division of Water Pollution Control,* 374 Mass. 278, 288 (1978). On the contrary, the defendants' total disregard for the requirements of the tax system, including the clear method of challenge provided in c. 59, § 59, precludes any equitable relief, even without considering the drastic fiscal disruption to cities and towns were such a tardy attack permitted.[5] It would be difficult in the circumstances of these actions to imagine any violation "so great" as to find "equitable interference with normal assessment and collection processes" "seasonable" within the meaning of the *Leto* decision.[6] There is certainly none here. Cf. *Assessors of Lynn* v. *Shop-Lease Co.,* 364 Mass. 569, 572 (1974).

---

deliberate and substantial violation of the constitutional and statutory requirements that property tax valuations shall be proportional; (2) unless the plaintiffs show themselves to be directly, significantly and adversely affected; (3) unless relief by ordinary abatement procedures or by an action at law will be seriously inadequate; and (4) unless equitable relief is shown to be practicable and appropriate in the sense that the assessors' constitutional and statutory violations are so great as to warrant seasonable equitable interference with normal tax assessment and collection processes." 348 Mass. at 148-149. We note that in discussing the narrow limits or confines of alternate remedies in *Tregor* v. *Assessors of Boston,* 377 Mass. at 606 (1979), the court referred to this portion of the *Leto* decision.

[5] The disruption is, of course, far greater than in an action which challenges the validity of the assessment prior to the commitment of the warrant to the tax collector. See *Gallo* v. *Division of Water Pollution Control,* 374 Mass. 278, 287-288 (1978); *California Village Corp.* v. *East Longmeadow,* 4 Mass. App. Ct. 128 (1976); *Chomerics, Inc.* v. *Assessors of Woburn,* 6 Mass. App. Ct. 394 (1978), and cases cited in n.4, at 397. We do not suggest that declaratory relief may not be appropriate as a discretionary matter when seasonably sought in circumstances where novel questions, repetitive problems, or the public interest beyond the parties are involved. See, e.g., *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxn.,* 363 Mass. 685, 688-689 (1973).

[6] See note 4, *supra.*

The judgments are affirmed, with double costs and with interest at twelve percent per annum on the judgments and on the amounts of interest provided for therein.  G. L. c. 211A, § 15.

*So ordered.*