I.S.K. Con of New England, Inc. *vs.* City of Boston &
others[1]
(and a companion case[2]).

Suffolk. October 11, 1984. — February 11, 1985.

Present: Dreben, Rose, & Kass, JJ.

*Law of the Case. Taxation*, Real estate tax: exemption, abatement; Void tax.
*Charity. Administrative Law*, Exhaustion of remedies. *Practice, Civil*,
Declaratory relief.

A judge who allowed a city's motion to dismiss a declaratory action seeking
exemption from certain real estate taxes, following denial by two different
judges of the city's earlier motions to dismiss the action, properly exer-
cised his discretion under "law of the case" principles. [329-330]

A judge did not abuse his discretion by allowing the city of Boston's motion
to dismiss an action for declaratory relief by a corporation which alleged
that it was a charitable and religious organization exempt from taxation
under G. L. c. 59, § 5, Third and Eleventh, where the plaintiff failed
to show that the administrative remedies for abatement or exemption,
in accordance with G. L. c. 59, §§ 59-74, and c. 60, § 98, which
required prepayment of taxes as a condition of relief, were seriously
inadequate, or that novel, important or recurrent issues were present in
its case. [330-332]

A taxpayer's filing of a complaint seeking a declaration that it was entitled to
a tax exemption under G. L. c. 59, § 5, Third and Eleventh, did not
eliminate the need that a separate action by it under G. L. c. 60, § 98,
to recover paid taxes be commenced within three months after payment
of the taxes. [332]

Civil actions commenced in the Superior Court Department
on March 2, 1979, and November 4, 1982, respectively.

---

[1] The collector-treasurer of Boston, the board of assessors of Boston and
the Commissioner of Revenue.

[2] The City of Boston & another *vs.* I.S.K. Con of New England, Inc.

The cases were heard by *George W. Cashman*, J., sitting under statutory authority.

*Matthew H. Feinberg* for I.S.K. Con of New England, Inc.

*Peter Antell*, Special Assistant Corporation Counsel, for the city of Boston & others.

*H. Reed Witherby*, Assistant Attorney General, for the Commissioner of Revenue.

ROSE, J. I.S.K. Con of New England, Inc. (ISKCON), has appealed from two Superior Court judgments. In one action, ISKCON sought declaratory and injunctive relief under G. L. c. 231A, § 1, alleging that it was a charitable and religious organization exempt from taxation under G. L. c. 59, § 5, Third and Eleventh. The other action was brought pursuant to G. L. c. 60, § 35, by the city of Boston and its collector-treasurer (Boston) to collect unpaid real estate taxes assessed against ISKCON. The cases were consolidated for trial.

In 1980, Boston moved to dismiss the declaratory action on the ground that ISKCON had failed to exhaust its administrative remedies. The motion judge denied the motion, rejecting Boston's argument that a declaratory action cannot be entertained unless administrative remedies have been exhausted. A second motion to dismiss brought by several of the defendants was summarily denied in 1982. Later, in 1983, a motion to dismiss was presented for a third time. The trial judge heard argument on that motion, reserved decision, and proceeded to hear the case on the merits. After receiving the evidence, the judge allowed the third motion to dismiss, ruling that ISKCON had failed to exhaust available administrative remedies. Judgments were subsequently entered against ISKCON in both actions.

During the relevant time periods, ISKCON owned real property at 72 and 70 Commonwealth Avenue in Boston. Boston assessed taxes on Number 72 for fiscal years from 1975 through 1978 and on Number 70 from 1977 through 1980. ISKCON filed abatement and exemption applications for Number 72 with the board of assessors for the fiscal years 1976, 1977 and 1978. The board took no action on any of these applications within the time prescribed by G. L. c. 59, § 64. ISKCON filed appeals under the formal procedure with the Appellate Tax Board (ATB) for 1977 and 1978; however, ISKCON did

not prepay any of the tax (which for each year exceeded $2,000) as required by G. L. c. 59, §§ 64, 65. The ATB dismissed both appeals for want of jurisdiction. With respect to Number 70 ISKCON filed applications for abatement for 1977, 1979, and 1980, and applications for exemption for 1977, 1978, 1979, and 1980. Boston took no action on any of these applications within the statutory time limit. ISKCON filed appeals under the formal procedure with the ATB for 1977, 1978, and 1980, but, again, did not prepay any of the tax (which for each year exceeded $2,000). The ATB dismissed the 1977 and 1978 appeals for want of jurisdiction. No further action had been taken on the 1980 petition at time of trial.

I. *Law of the Case.*

ISKCON argues that the two previous denials of the motions to dismiss by Superior Court judges constituted the "law of the case." The trial judge, therefore, "was required to proceed and make rulings on the merits." A judge is not so bound. When a judge reviews an interlocutory decision in the same case by another judge of the same court, the second judge has the power to review or modify the prior decision. "Any rule denying the right of a judge to revise or vacate the earlier decree of another in the same case would in practice run counter to the elementary principle that any action of the court short of final judgment or decree remains within the control of the court and is open to revision until final judgment or decree." Lummus, The "Law of the Case" in Massachusetts, 9 B.U.L. Rev. 225, 234 (1929). The decision whether to reconsider a prior interlocutory ruling by a different judge is within the sound discretion of the reviewing judge. *Peterson* v. *Hopson*, 306 Mass. 597, 598-605 (1940). *Net Realty Holding Trust* v. *Daly*, 14 Mass. App. Ct. 934, 934-935 (1982). *Diversified Mortgage Investors* v. *Viking Gen. Corp.*, 16 Mass. App. Ct. 142, 151-152 (1983). Compare *Coolidge Bank & Trust Co.* v. *First Ipswich Co.*, 11 Mass. App. Ct. 923, 924 (1981). A judge should, however, "hesitate to undo his own work . . . . Still more should he hesitate to undo the work of another judge . . . . But until final judgment or decree there is no lack of

power, and occasionally the power may properly be exercised."
*Peterson* v. *Hopson*, 306 Mass. at 603. Compare *Saporita* v.
*Litner*, 371 Mass. 607, 620 (1976).

II. *Exhaustion of Remedies.*

Although the parties dispute whether various applications
and petitions were timely filed (see G. L. c. 59, §§ 59, 64
and 65), it is undisputed that none of ISKCON's petitions to
the ATB was preceded by payment of the tax of which an
abatement was sought or from which an exemption was
claimed. Prepayment is a condition precedent to an appeal to
the ATB. G. L. c. 59, §§ 64 and 65. See *Boston Five Cents
Sav. Bank* v. *Assessors of Boston*, 313 Mass. 762, 770-771
(1943); *Stilson* v. *Assessors of Gloucester*, 385 Mass. 724,
732 (1982). Compare *The Nature Church* v. *Assessors of
Belchertown*, 384 Mass. 811, 811-812 (1981). In addition,
ISKCON failed to take advantage of G. L. c. 59, § 65B. That
statute allows a taxpayer who claims to be unable to prepay
all of his tax to prepay only a portion (generally one half) and
petition the ATB to defer payment of the balance pending the
outcome of the appeal. ISKCON's failure to prepay also pre-
cluded it from bringing an action under G. L. c. 60, § 98, to
recover back taxes. It is apparent, therefore, that ISKCON
failed to exhaust available administrative remedies.

The decision to entertain a declaratory action under G. L.
c. 231A, § 1, when the plaintiff has failed to exhaust adminis-
trative remedies is within the discretion of the trial judge. See
*Second Church* v. *Boston*, 343 Mass. 477, 479 (1962); *Sydney*
v. *Commissioner of Corps. and Taxn.*, 371 Mass. 289, 293-295
(1976); *General Dynamics Corp.* v. *Assessors of Quincy*,
388 Mass. 24, 27-30 (1983); *Boston* v. *Second Realty Corp.*,
9 Mass. App. Ct. 282, 283-285 (1980). However, unless
the administrative remedies are "seriously inadequate" or
the case involves novel questions, repetitive problems, or
the public interest, declaratory actions should not replace
the statutory administrative procedures for obtaining tax re-
lief. *Sydney* v. *Commissioner of Corps. and Taxn.*, 371
Mass. at 294; *Boston* v. *Second Realty Corp.*, 9 Mass. App.
Ct. at 285 n.5. See also *General Dynamics Corp.* v. *Assessors*

*of Quincy, supra* at 30; *Ralph's Wonder, Inc.* v. *Commissioner of Revenue, post* 928, 929 (1984). Compare *Squantum Gardens, Inc.* v. *Assessors of Quincy*, 335 Mass. 440, 443 (1957); *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination*, 364 Mass. 444, 450 (1973). The underlying issue in this case is whether ISKCON is an exempt charitable or religious organization within G. L. c. 59, § 5. This question is primarily factual. It does not present novel, important or recurrent issues. See *Hairenik Assn.* v. *Boston*, 313 Mass. 274, 278-279 (1943).

ISKCON has argued that the administrative remedies for abatement or exemption, as applied here, are seriously inadequate because they require prepayment of taxes as a condition of relief. See G. L. c. 59, §§ 59-74; G. L. c. 60, § 98. In particular, ISKCON argues that it was unable to prepay its taxes and that to require it to do so is an impermissible burden on religion in violation of the First and Fourteenth Amendments to the United States Constitution. Compare *Old Colony R.R.* v. *Assessors of Boston*, 309 Mass. 439, 444-446 (1941) (prepayment requirement does not conflict with the due process or equal protection clauses of the Fourteenth Amendment).

The trial judge heard testimony regarding ISKCON's income, its financing of the Commonwealth Avenue properties and its ability to pay bills. The judge found that "the sole reason for [ISKCON's] appearance before this Court is not their inability to obtain relief elsewhere, but rather their failure, through their own negligence, to act in the manner prescribed by statute. . . . [that is] to file the correct forms and pay the taxes as mandated by the statute." We understand these statements to mean that the judge found ISKCON had been able to comply with the statutory prerequisites, including prepayment. That finding is not clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). As applied to the circumstances of this case, therefore, the administrative remedies available to ISKCON were not seriously inadequate. To allow ISKCON to bypass the remedies set forth in G. L. c. 59, §§ 59-74, and G. L. c. 60, § 98, would unduly disrupt the orderly collection of tax. See *Sydney* v. *Commissioner of Corps. and Taxn.*, 371

Mass. at 294; *Boston* v. *Second Realty Corp.*, 9 Mass. App. Ct. at 285. The trial judge did not abuse his discretion by allowing Boston's motion to dismiss.

III. *Availability of Relief Under G. L. c. 60, § 98.*

After filing its complaint for declaratory relief, ISKCON made various payments of the taxes herein involved. Following entry of judgments for Boston, ISKCON moved to amend the judgment in the declaratory action so as to declare that ISKCON could thereafter bring an action pursuant to G. L. c. 60, § 98, to recover paid taxes. The motion was denied. G. L. c. 60, § 98, provides that "[n]o action to recover back a tax shall be maintained, . . . unless commenced within three months after payment of the tax nor unless such tax is paid [after] . . . a written protest signed by [the taxpayer]. . . ." ISKCON argues that the filing of a declaratory relief complaint satisfied the written protest requirement and also tolled the three-month "statute of limitations."

Assuming that the issue is properly before us,[3] and passing the dubious suggestion that the complaint can serve as a written protest within the meaning of G. L. c. 60, § 98, we cannot say that ISKCON's complaint tolled the "statute of limitations." The three-month requirement is more than a statute of limitations. Strict compliance with that requirement is a condition precedent to the maintenance of an action to recover back taxes. *Wheatland* v. *Boston*, 202 Mass. 258, 259 (1909). The filing of a declaratory action does not eliminate the need to bring the action within three months after payment of the tax. See *Second Church* v. *Boston*, 343 Mass. at 479 n.1.

*Judgments affirmed.*

---

[3] ISKCON appealed from (i) the declaratory judgment, (ii) the judgment in the collection action, and (iii) the judge's "Findings, Rulings and Judgments as amended . . ." with regard to both actions but did not specifically appeal from the denial of its motion to amend the judgment. We note that the appeal from item (iii) was filed on June 15, 1983, and that the motion to amend was denied on June 7, 1983.