MARTIN CURRAN & another *vs.* COMMISSIONER OF REVENUE. January 22, 1987. *Jurisdiction,* Declaratory relief, Tax. *Taxation,* Income tax, Declaratory relief.

This is an action under G. L. c. 231A, brought originally in a Probate Court and later transferred to the Superior Court, by which the plaintiffs seek relief from a 1975 assessment to them of additional income tax, interest and penalties arising out of their 1972 sale of a parcel of real estate. The action was not brought until some four years after the plaintiffs should have appealed to the Appellate Tax Board from the denial of their application for abatement of the additional tax. Compare *Iodice* v. *Newton,* 397 Mass. 329, 333-334 (1986). The case was submitted upon a statement of agreed facts following the denial of the defendant's motion to dismiss. A probate judge sitting under statutory authority entered a final judgment which declared, in effect, that the plaintiffs have no further tax liability arising out of the sale and which enjoined the defendant from collecting any further amount of the tax assessed. The defendant has appealed, urging that the judge (1) abused his discretion in entertaining the action and granting relief and (2) committed sundry errors of law in the course of arriving at his conclusion that no further amount of tax is due. We do not reach the second ground of appeal because we reverse on the first. It is clear from the face of the record that all the plaintiffs' problems in this case are traceable directly to their accountant's ignorance of the regulations specifically authorized by G. L. c. 62, § 63(*c*), inserted by St. 1958, c. 308, § 1, and in effect prior to St. 1973, c. 723, § 11, which are now found in 830 Code Mass. Regs. § 12:01(4) (1979) and to the accountant's failure to take an appeal to the Appellate Tax Board under G. L. c. 62C, § 39(c), inserted by St. 1976, c. 415, § 22, or to advise the plaintiffs to do so.[1] We start with the general proposition that the statutory abatement procedures are exclusive (G. L. c. 62C, § 41, inserted by St. 1976, c. 415, § 22) in the absence of special circumstances. *D'Errico* v. *Assessors of Woburn,* 384 Mass. 301, 306 (1981). Compare *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 479 (1962). There is nothing in the record to suggest that the remedy of appeal to the Appellate Tax Board would have been "seriously inadequate." See *Nearis* v. *Gloucester,* 357 Mass. 203, 205, cert. denied, 400 U.S. 918 (1970); *Sydney* v. *Commissioner of Corps. & Taxn.,* 371 Mass.

---

[1] We have not been told why the plaintiffs did not appeal from so much of the final judgment as dismissed the action as to the accountant.

289, 294 (1976); *DiStefano* v. *Commissioner of Rev.,* 394 Mass. 315, 319-320 (1985). Nor is there anything which would warrant a finding that the questions of law in this case are novel, important, recurring or of public significance. See *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxn.,* 363 Mass. 685, 688 (1973); *Sydney* v. *Commissioner of Corps. & Taxn.,* 371 Mass. at 295; *S.J. Groves & Sons* v. *State Tax Commn.,* 372 Mass. 140, 142 (1977); *Assessors of Edgartown* v. *Commissioner of Rev.,* 379 Mass. 841, 844 (1980); *D'Errico* v. *Assessors of Woburn,* 384 Mass. at 306-307; *Andover Sav. Bank* v. *Commissioner of Rev.,* 387 Mass. 229, 232-233 (1982); *General Dynamics Corp.* v. *Assessors of Quincy,* 388 Mass. 24, 28 (1983); *DiStefano* v. *Commissioner of Rev.,* 394 Mass. at 320-321. There is nothing in *Leonardi* v. *State Tax Commn.,* 355 Mass. 454, 459 (1969), which authorizes a court to order an abatement which is foreclosed by a taxpayer's failure to pursue available, adequate administrative remedies. It does not appear from the opinion in *Green* v. *Commissioner of Corps. & Taxn.,* 364 Mass. 389, 390 (1973), that the defendant in that case had raised any objection to the court's granting declaratory relief. The defendant in this case did raise such an objection, and the court, acting under G. L. c. 231A, § 3, first sentence, should have refused to grant relief. *Sydney* v. *Commissioner of Corps. & Taxn.,* 371 Mass. at 293 n.6. *I.S.K. Con of New England, Inc.* v. *Boston,* 19 Mass. App. Ct. 327, 330-332 (1985). The judgment is reversed; if the defendant, within sixty days of the date of this opinion, shall tender to the plaintiffs a release of their real estate from so much of his lien as reflects the credit of $11,698.07 admittedly due the plaintiffs and erroneously included in the assessment, a new judgment is to be entered which dismisses the action.

*So ordered.*

*Stephen S. Ostrach,* Assistant Attorney General, for the defendant.
*Ira L. Lipman* for the plaintiffs.