Rufo, J.
The defendant, City of Brockton, seeks relief under Dist./Mun. Cts. R A D. A, Rule 8C, from a trial court’s findings and ultimate judgment against it for damages assessed for excessive water use charges on the basis that the abatement procedures contained in G.L.c. 59, §§59-74 are a prerequisite to initiating an action in the District Court to recover for alleged overpayments of water and sewer charges. After the plaintiffs brought their action seeking to recover overpayments for water supplied by the City of Brockton, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction citing G.L.c. 40, §42E which was denied by the trial judge. The basis of the City’s argument was that the collection of water rates was governed by G.L.c. 40, §§42A-42I; providing that an owner of real estate aggrieved by a water charge imposed may appeal for an abatement with the board having control over the water department. If the petition for abatement is denied, the owner may appeal to the appellate tax board under the provisions of G.L.c. 59. We affirm the findings of the trial judge and dismiss the appeal.
A summary of the facts found by the trial judge follows: The plaintiffs were the owners of a single-family residence in the City of Brockton. In 1989, the plaintiffs installed an in-ground swimming pool and the pool company filled the swimming pool with its own water. In 1996, the swimming pool required repairs and once again, the pool was filled with water provided by the pool company. Prior to 1995, real estate taxes, water and sewer charges were paid through an escrow account maintained by the holder of the plaintiffs’ mortgage on the premises. Real estate tax and water/sewer bills were sent by the defendant to the plaintiffs’ bank for payment. In February, 1995, the plaintiffs completed their mortgage payments and in June, 1995 discovered a lien for outstanding water and sewer charges. The plaintiffs paid $2,386.62 to discharge the lien and resumed paying their own real estate taxes and water and sewer charges to the defendant.
Noticing that their water and sewer charges were excessively high, the plaintiffs contacted the City of Brockton Water Department and in 1996, a water meter monitor was installed in their home resulting in a substantial decrease in water charges. A portion of the plaintiffs’ water charges were abated by the defendant and the plaintiffs continued to pay real estate taxes and water and sewer charges. At the plaintiffs’ request, the water department compared water usage records for twelve nearby residences which indicated the water charges for these residences were much lower than the plaintiffs. Prior to the installation of the water meter monitor, the plaintiffs’ water readings were two and one-half times the actual usage for the plaintiffs’ premises. The plaintiffs’ time period for seeking relief from the Appellate Tax Board for overpayments for water charges had expired at the time they commenced their action in the District Court.
*71 To avoid disruption to local government finances, for most challenges to a tax bill, a taxpayer must resort to the administrative scheme outlined in G.L.c. 59, §§59-74, first by seeking an abatement from the local board of assessors and then proceeding to the Appellate Tax Board. Sears, Roebuck and Co. v. Somerville, 363 Mass. 756 (1973). Recourse by way of court action may only be initiated after exhaustion of those administrative remedies outlined in G.L.c. 59. New England Legal Foundation v. City of Boston, 423 Mass. 602 (1996). Should the administrative remedy of abatement be seriously inadequate, or the case involve novel questions, repetitive problems, or the public interest, “resort to the court has been grudgingly countenanced.” Tax Collector of Braintree v. J.G. Grant & Sons, 26 Mass. App. Ct. 731 at 734 (1989). See also Harron Communications Corp. v. Town of Bourne, 40 Mass. App. Ct. 83 (1996). The criteria for extraordinary relief are set forth in Leto v. Assessors of Wilmington, 348 Mass. 144 (1964) where essentially the taxpayer must show that relief by ordinary abatement procedures will be seriously inadequate. Standing alone, the fact that the time period for obtaining administrative relief has expired is not a sufficient reason to permit resort to the court. Leto, Id. at 149. Normally, if the substance of a claim made under the abatement procedures is that the assessment is excessive, the exclusive method of challenge, absent extraordinary circumstances, is through the procedures prescribed by G.L.c. 59, §59. City of Boston v. Second Realty Corp., 9 Mass. App. Ct. 282 (1980).
The defendant argues that the jurisdictional barrier outlined in City of Boston v. Second Realty Corp., 9 Mass. App. Ct. 282 (1980) bars recovery by the plaintiffs for excessive water and sewer charges and that “extraordinary circumstances” as defined by the court in Leto are lacking in the instant matter. The Appeals Court decision in Epstein v. Executive Secretary of the Board of Selectmen of Sharon, 22 Mass. App. Ct. 135 (1986) is controlling authority concerning this appeal. G.L.c. 40, §42A provides that water charges “not paid on or before their due date... shall be a lien” upon the real estate to which the water was supplied. A lien for water rates is not a tax but rather a device to facilitate a collection of an important public charge. Epstein, Id. at 137. The Epstein court went on to state that “while the Appellate Tax Board is assumed to have specialized expertise to deal with cases involving taxes ... the board has no self-evident skill to treat of a malfunctioning water meter.” The rationale of the court was that problems associated with a malfunctioning water meter are “the sort of idiosyncratic questions of fact which a court is equipped to handle.” Epstein, Id. at 137.
Upon payment and discharge of a prior lien for real estate taxes and water and sewer charges, the plaintiffs in this action paid their water and sewer bill and contacted the defendant regarding what they thought were excessive water rates relative to their particular premises. Supported by evidence, the trial judge found that after installation of a water meter monitor, the plaintiffs water readings were two and one-half times their actual usage. We find that the plaintiffs were not precluded from instituting an action in the District Court against the defendant to recover overpayments allegedly caused by a faulty water meter.
The judgment of the trial court is affirmed and the appeal is dismissed.
So ordered.