DINING MANAGEMENT SERVICES, INC., & others[1] *vs.*
COMMISSIONER OF REVENUE.

Norfolk. January 6, 1989. — March 13, 1989.

Present: WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Declaratory Relief. Taxation*, Sales and use tax. *Words*, "Sales," "Meals."

Management fees and operating expense reimbursements received by the
taxpayers, certain food service companies that operate and manage dining
facilities within the Commonwealth under contract to institutions, private
companies, and other organizations primarily for their employees, were
not "sales" of "meals" and thus were not taxable under G. L. c. 64H,
§ 6 (*h*). [338]

CIVIL ACTION commenced in the Superior Court Department
on May 16, 1985.

The case was heard by *William C. O'Neil, Jr.*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Robert A. Carleo, Jr.* (*Kerry-Lyn Eadie* with him) for the
Commissioner of Revenue.

*Harry L. Manion, III* (*Joanne J. Bibeau* with him) for the
plaintiffs.

LYNCH, J. The Commissioner of Revenue (commissioner)
appeals from a decision of the Superior Court declaring certain
fees received by the taxpayers for the provision of meal services
to be outside the purview of taxable sales defined in G. L.
c. 64H. The taxpayers commenced this action in the Superior
Court after the commissioner, pursuant to a letter ruling, in-

---

[1] The Seiler Corporation, Servomation, Inc., Canteen Corporation, Serv-
ice Systems Corporation, Interstate United Corporation, Executive Coffee
& Vending Services, Inc., and Bell Vending Corporation, individually and
on behalf of the Massachusetts Automatic Merchandising Council.

itiated audit proceedings of certain of the plaintiffs and expressed an intention to assess and collect a sales tax on management fees and operating expense reimbursements received by the taxpayers from their customers as part of their food service business. The taxpayers sought (1) a declaration, pursuant to G. L. c. 231A, that such fees are not subject to sales taxes and that the commissioner's letter ruling No. 82-53 (May 24, 1982) is null and void, and (2) injunctive relief enjoining the commissioner from assessing and collecting the tax on such fees and reimbursements. The Superior Court judge granted the requested preliminary injunction, denied the commissioner's motion to modify the injunction, and, on cross motions for summary judgment, made the injunction permanent and granted the declaratory relief sought by the taxpayers. The commissioner timely appealed, and we transferred the case to this court on our own motion. We now affirm.

The undisputed facts may be summarized as follows. The eight named plaintiffs[2] are food service companies which operate and manage dining facilities within the Commonwealth under contract to institutions, private companies, and other organizations primarily for their employees. Under standard management contracts, the food service companies are responsible for purchasing bulk food products; hiring and supervising kitchen staff and other personnel; preparing and serving meals to their clients' employees; collecting from the employees both the amount charged for the meals and a sales tax on those amounts; and providing general administrative and accounting services. In addition to amounts collected from consumers for the meals sold, the food service companies receive from their clients management fees for the operation of the cafeteria (either a fixed amount or a percentage of sales), and operating expense

[2] The ninth plaintiff, the Massachusetts Automatic Merchandising Council, is an unincorporated nonprofit organization consisting primarily of companies which provide food service to institutions, private companies, and other organizations pursuant to management contracts. All the named plaintiffs are members of the council, and all but Interstate United Corporation are members of the council's executive committee, its governing body. The council voted unanimously to have the named plaintiffs prosecute this action as representatives in its behalf.

reimbursements where operating expenses paid by the food service companies exceed sales revenues.

In this action, and in the challenged letter ruling No. 82-53 (May 24, 1982), the commissioner contends that the amounts received as management fees and operating expense reimbursements are includable in the food service companies' "gross receipts" and therefore are subject to the sales tax imposed by G. L. c. 64H (1986 ed.).[3] General Laws c. 64H, § 2, imposes an excise on "sales at retail of tangible personal property." The statutory rate of five percent is computed on "the gross receipts of the vendor from all such sales of such property," unless specifically exempted. G. L. c. 64H, § 2. "Gross receipts" is defined in § 1 (6) as the "total sales price received by vendors as a consideration for retail sales." The commissioner's argument is that management fees and operating expense reimbursements paid by clients are part of the total sales price of the meals sold to the consumers. The commissioner relies on our decision in *Harrison Conference Servs. of Mass., Inc.* v. *Commissioner of Revenue*, 394 Mass. 21 (1985), to support that contention. In *Harrison*, we concluded that no taxable event occurs where agents of an employer use food owned by the employer to serve meals in the employer's dining facilities at no charge to its employees. This decision rested on the principle that, where no sale takes place, no taxable event occurs. *Id.* at 24. The commissioner relies upon the following statement in *Harrison*: "if a party, acting as agent for another, prepares its own food and serves it in the form of meals to the principal's employees, for a· charge paid by the principal for the food as well as the service, then a taxable event occurs." *Id.* The commissioner contends that, since the food service companies here undisputedly own the food they

---

[3] The commissioner also contends that the award of injunctive and declaratory relief was in error because injunctions are disfavored in tax cases and because the food services companies had not exhausted their administrative remedies. For the reasons articulated in *DiStefano* v. *Commissioner of Revenue*, 394 Mass. 315, 319-321 (1985), we conclude that declaratory relief was appropriate in this case. We also conclude that the Superior Court judge did not abuse his discretion in granting the injunction. See *Sydney* v. *Commissioner of Corps. & Taxation*, 371 Mass. 289, 294 (1976).

prepare and sell, both the sales of meals to consumers and the management fees paid by clients are taxable. This contention is not supported by the view enunciated in *Harrison*; nor does it comport with any reasonable interpretation of the plain language of G. L. c. 64H.

We note first of all that taxing statutes are to be construed strictly against the taxing authority, and ambiguities are to be resolved in favor of the taxpayer. See *DiStefano* v. *Commissioner of Revenue*, 394 Mass. 315, 326 (1985), and cases cited. Thus, the management fees and operating expense reimbursements are not taxable unless shown to be "sales" of "meals" under c. 64H, § 6(*h*).[4] Unquestionably a sale occurs when the meal is sold to the consumer; the food service companies properly collect and pay the tax on those sales. The transactions between the food service companies and their clients, however, are clearly not retail sales of meals, but are contracts, and payments, for the providing of services. The principle articulated in *Harrison* contemplates a situation where the food service provider merely *serves* its own food to the clients' employees for a charge paid by the employer, rather than selling meals directly to the employees. There is no taxable transfer of tangible personal property to the clients in the present case, and the "taxable event" contemplated in *Harrison* occurs here when the meals are purchased by the consumer. The management fees and operating expense reimbursements are not consideration for the retail sales of meals, see G. L. c. 64H, § 1 (6), but payments for the provision of services. The amounts received from the clients, therefore, are not taxable sales covered by c. 64H.

*Judgment affirmed.*

---

[4] We note that courts of other jurisdictions, which have considered this precise issue under similar or identical sales tax provisions, have concluded that fees paid for meals services are not taxable as sales of food at retail. See, e.g., *Szabo Food Serv., Inc.* v. *State Bd. of Equalization*, 46 Cal. App. 3d 268 (1975); *Chet's Vending Serv., Inc.* v. *Department of Revenue*, 71 Ill. 2d 38 (1978).