Lopez, J.
In this action, the plaintiff, Donuts of Swansea, Inc. (Donuts), seeks a declaration that the assessment of taxes, interest, and penalties pursuant to G.L.c. 62C, §§28, 32 and 33(a) constitutes double jeopardy in violation of its rights under the Fifth and Fourteenth Amendments to the Untied States Constitution. The plaintiff also seeks a preliminary injunction enjoining the Commissioner of Revenue from taking any action to collect or levy upon the assessment. For the reasons stated below, plaintiffs request for a preliminary injunction is ALLOWED.
BACKGROUND
Since 1989, Donuts has operated a Dunkin Donuts in Swansea. On April 10, 1995, Donuts was indicted by a grand jury for two counts of violating G.L.c. 62C, §73 for willfully attempting to evade meal taxes and for failing to account for and pay over the meal tax to the Commonwealth for the period from November 1989 to December 1992.
Donuts received notice of the investigation in early 1993. As a result, Donuts prepared and filed amended returns in 1993 and made payments toward the back taxes owed in 1993 and 1994. By December 1994, Donuts had paid $64,250.85 of the total $65,286.09 owed to the Commonwealth.
On June 7, 1996, Donuts changed its plea to the two charges of tax fraud and the court (Fremont-Smith, J.) imposed as a sentence a criminal fine of $40,000 to be paid over one year. On September 14, 1996, the Commissioner of Revenue issued Donuts an Order of Assessment pursuant to G.L.c. 62C, §§28, 32 and 33(a) seeking to collect $154,672.30 as follows: (1) $65,286.09 in meal taxes that had been assessed against Donuts; (2) a credit of $64,250.83 for taxes that had been paid; (3) interest for the time period that the original taxes had not been paid pursuant to §32; (4) a “double assessment pursuant to §28; (5) interest on the double assessment pursuant to §32; and (6) a penalty in the amount of $397.40 for filing late refunds pursuant to §33(a). Plaintiff claims that the assessment of interest and penalties for the same conduct it has already been sanctioned for violates the constitutional prohibition against double jeopardy.
DISCUSSION
In determining whether to grant a preliminary injunction, this court utilizes a balancing test as set forth in Packaging Industries Group, Inc. v. Cheney, *344 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts v. Operation Rescue, 406 Mass. 701, 710 (1990). First, the court must evaluate “the moving party’s claim of injuiy and its chance of success on the merits.” Packaging Industries supra, at 617. If failing to issue the injunction “would subject the moving party to a substantial risk of irreparable harm, this court must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party.” Id. “In the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by the final judgment rendered either at law or in equity.” Id. at 617, n. 11. Moreover, in appropriate cases a court should also consider the risk of harm to the public interest. GTE Products Corp. v. Stewart, 414 Mass. 721, 723 (1993): Commonwealth v. Mass., CRINC, 392 Mass. 79, 89 (1984); Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
I. This Court has Jurisdiction to Decide this Action for Declaratory Relief
Because plaintiff has not pursued its opportunity for an abatement pursuant to G.L.c. 62, §37, the Commissioner claims this court lacks jurisdiction. At the hearing the Commissioner agreed with plaintiff that an application for an abatement would not stay the Commissioner’s collection activities. “Exhaustion is generally required unless the administrative remedy is ‘seriously inadequate’ and exceptions to the rule occur most often when important, novel or recurrent issues are at stake, when the decision has public significance, or when the case reduces to a question of law.” Space Building Corp v. Commissioner of Revenue, 413 Mass. 445, 448 (1992).
The present case involves a question of law: whether the assessment of taxes, interest and penalties pursuant to G.L.c. 62C, §§28, 32 and 33(a) as to this plaintiff violates its rights against double jeopardy under the Fifth and Fourteenth Amendments. The issue presented is a novel one with implications to other taxpayers and there are no factual disputes. Moreover, the abatement remedy is “seriously inadequate” because the very unconstitutional activity plaintiff complains about could occur while those proceedings are pending. This court will exercise her discretion and take jurisdiction of this action for declaratory relief. See, DiStefano v. Commissioner of Revenue, 394 Mass. 315 (1985) (no abuse of discretion where petition for declaratory relief involved broad reaching tax question: itwas novel; and it was primarily question of law); S.J. Groves & Sons Co. v. State Tax Commission, 372 Mass. 140 (1977) (no abuse of discretion where only issue of law present; issue of first impression; and resolution of issue may affect interests of other tax payers).
II. Plaintiff has Shown a Likelihood of Success on the Merits
The Fifth Amendment guarantee against double jeopardy protects against “multiple punishments for the same offense.” U.S. v. Halper, 490 U.S. 433, 440 (1989); Gallinaro v. Commonwealth, 362 Mass. 728-35 (1973). A defendant convicted and punished for an offense may not have a nonremedial civil penalty imposed against him for the same offense in a separate proceeding. Department of Revenue of Montana v. Kurth Ranch, 114 S.Ct. 1937, 1945 (1994). In Kurth Ranch, the Supreme Court declared a statute that imposed a tax on the possession of illegal drugs after the state had imposed a criminal penalty for the crime of possession of drugs to violate the constitutional prohibition against successive punishments. Id. at 1941. In reaching this conclusion the court’s analysis focused on whether the intent of the tax was to serve penal or prohibitory purposes rather than legitimate revenue gathering purposes. Id. at 1946-47.
It is uncontroverted that Donuts has been punished in a criminal proceeding for failing to pay meals taxes. The question for this court is whether the double assessment imposed pursuant to G.L.c. 62C, §28 is intended for punitive or revenue raising purposes. Section 28 provides:
If a person who has been notified by the commissioner that he has failed to file a return or has filed an incorrect or insufficient return refuses or neglects within thirty days after the date of such notification to file a proper return, or if a person has filed a false or fraudulent return or has filed a return with a willful attempt in any manner to defeat or evade the tax, the commissioner may determine the tax due, according to his best information and belief, and may assess the same at not more than double the amount so determined, which additional tax shall be in addition to the other penalties provided by this chapter. (Emphasis added).
This statute give the Commissioner discretion to assess up to double the amount of tax he has determined to be due from a taxpayer who fails to file taxes. The authoriiy to impose a double tax assessment is characterized in the statue as an additional penally: “which shall be in addition to other penalties provided by this chapter.” (Emphasis added.) In addition, the Commissioner’s discretion may be exercised only against taxpayers who have evaded paying their taxes. It is only aimed at wrongdoers. Thus, the double assessment serves punitive and not revenue raising purposes.
Although the remedial or punitive analyses used to invalidate a subsequent civil sanction in Halper, supra at 448-49, was specifically found in Kurth Ranch, not to be appropriate in the case of a tax statute, 114 S.Ct. at 1948, even such a showing could not be made here with respect to Section 28. Neither the exercise of *345 discretion nor the maximum assessment allowed is in any way related to compensating the government for its loss or for the costs of collection. Thus, Section 28 may not fairly be characterized as remedial, but only as serving punitive goals.
Because Donuts has already been punished for evading meals taxes in a criminal proceeding, imposition of the Section 28 double assessment in a subsequent proceeding constitutes successive punishment in violation of the double jeopardy clause. Donuts has therefore shown a likelihood of success on the merits with regards to the double assessment and interest thereon and is entitled to an injunction.
III. Other Assessments
The assessment of interest for the period that the original taxes had not been paid pursuant to §32 is remedial as it seeks to make the government whole. The penally assessed for filing late returns pursuant to §3 3 (a) is for conduct different from what Donuts was indicted for and thus does not constitute successive punishment for the same offense.
ORDER
For the foregoing reasons, this court hereby declares that the defendant Commissioner of Revenue’s double assessment of taxes pursuant to G.L.c. 62C, §28 and interest under G.L.c. 62C, §32 against the plaintiff constitutes double jeopardy and is invalid as a matter of law. This court further allows a preliminary injunction enjoining and restraining the Commissioner of Revenue for the Commonwealth of Massachusetts and his agents, representatives or employees from taking any action whatsoever to collect or levy on the double tax assessment and interest thereon set forth in the Notice of Assessment to Donuts.