**In re HEALTHCO INTERNATIONAL, INC., Debtor.**

**No. 93–41604–JBR.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 23, 2001.

David B. Madoff, Cohn & Kelakos, LLP, Boston, MA, for William A. Brandt, Chapter 7 Trustee.

James L. O'Connor, Jr., Mass. Dept. of Revenue, Litigation Bureau, Boston, MA, for Commissioner, Massachusetts Dept. of Revenue.

### MEMORANDUM AND ORDER ON TRUSTEE'S SECOND OBJECTION TO PROOF OF CLAIM OF MASSACHUSETTS DEPARTMENT OF REVENUE

JOEL B. ROSENTHAL, Bankruptcy Judge.

The matter came before the Court on the Chapter 7 Trustee's objection to Claim No. 222 filed in this case by the Massachusetts Department of Revenue ("the MDOR") for claims against the Debtor, Healthco International, Inc. The MDOR's claim arose from an assessment for sales tax and corporate excise tax following an audit. The Chapter 7 Trustee ("the Trustee") objects to the MDOR's claim on the basis that he disputes the accuracy of the audit. At hearing, and in his memorandum, the Trustee also asserted the Court should disallow the MDOR claim because some sales revenues the MDOR taxed pursuant to the audit were tax exempt. The MDOR responds that the Trustee, standing in the Debtor taxpayer's shoes as the party bearing the burden of proof on objecting to the claim, has failed to present evidence sufficient enough to allow the Court to sustain his objection. For the reasons set forth herein, the Court finds the Trustee has sufficiently shrouded the MDOR's claim in a cloud of doubt as to

require the MDOR to establish some evidentiary basis on the record to show the assessment was properly made in order to defeat the Trustee's objection.

## I. BACKGROUND

For the purpose of resolving this objection, the parties have agreed to the relevant facts as indicated in the Proposed Findings of Facts signed by both parties and filed in open court. The Court hereby adopts those proposed findings as follows. The Debtor filed its Chapter 7 bankruptcy petition on June 9, 1993. On or about April 11, 1996, the MDOR filed an amended, superseding, proof of claim asserting an unsecured, priority claim in the amount of $431,949.10 and a general unsecured claim in the amount of $436.77 ("the Claim"). The Claim is based on sales tax liability pursuant to Chapter 64H of the Massachusetts General Laws for the quarterly periods beginning December 1989 through March 1993. The Claim also includes tax liability for corporate excise tax pursuant to Chapter 63 of the Massachusetts General Laws for the tax period ending December 31, 1993. The entire amount of the sales tax liability including tax, interest, and penalties in the amount of $431,385.87 arose by way of a 1993 MDOR sales tax audit of the Debtor ("the Audit") which focused on sales tax periods between 1989 and 1993. On or about December 11, 1999, the MDOR destroyed the records connected with the Audit.

According to the Debtor's filed 1991 tax returns, the Debtor had taxable sales in 1991 of $10,119,638.74 for which the Debtor paid 5% sales taxes in the amount of $505,981.93. According to the Debtor's filed 1992 tax returns, the Debtor had taxable sales in 1992 of $11,038,065.68 for which the Debtor paid 5% sales taxes in the amount of $551,903.28. In the first two quarters of 1993, when the Debtor still conducted business, the Debtor's filed tax returns reflected taxable sales of $4,985,344.85 for which the Debtor paid 5% sales taxes in the amount of $249,267.25.

The MDOR does not dispute that prior to 1991 the Debtor filed sales tax returns and paid sales taxes in accordance with those filed returns.

## II. DISCUSSION

Based on these facts, the Court finds itself with two issues to resolve: First, which party bears the burden of proof with respect to the validity of the Claim, and second, whether that party satisfied that burden. Indeed, at hearing the parties agreed the party bearing the burden of proof would certainly falter. After consideration of the controlling state and federal law, the Court does not agree the resolution is that manifest. In fact, the Court concludes that the controlling law on this issue saddles each party to this dispute with a particular burden, each of which the Court must address to dispose of the Trustee's objection.

### A. Controlling Bankruptcy Law.

■ To begin, the parties have correctly pointed out that the Supreme Court's recent decision in *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), dictates that underlying state law determines which party bears the burden of proof when an objection is made to a tax claim in bankruptcy. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 1958, 147 L.Ed.2d 13. In *Raleigh*, a bankruptcy trustee objected to a state taxing authority's claim for use taxes. Each party to that objection claimed the other bore the burden of proving or disproving, as the case may be, the validity of the tax claim before the bankruptcy court could allow the claim against the debtor's estate. In concluding that substantive state law is the appropriate source for determining which party must prove or disprove the validity of a state tax claim, the Supreme Court noted that a creditor's entitlement to a bankruptcy claim arises under state law, and further that no exception to that rule existed for state tax claims. *Raleigh*, 120 S.Ct. at 1955. The Supreme Court further rea-

soned that it has consistently held that "the burden of proof is an essential element of [a] claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it." *Id.* Then now, as to the parties in this case, if Massachusetts law assigns the burden of proof to the taxpayer, the taxpayer, or his trustee in bankruptcy, bears that burden; if that same law imposes the burden on the taxing authority, the same will be true in bankruptcy. *See Raleigh,* 120 S.Ct. at 1958.

## B. Controlling State Law.

In this instance, the disputed claim arises out of the laws of the Commonwealth of Massachusetts. Massachusetts law sets out specific administrative provisions for the assessment and dispute of the type of taxes disputed in this case. Mass. Gen.Laws ch. 62C, § 2. For example, in Massachusetts, a corporate excise tax or sales tax is deemed "assessed at the amount shown as the tax due upon any return filed . . ., or at the amount properly due, whichever is less." Mass.Gen.Laws ch. 62C, § 26(a). While this statute envisions an honor system of tax payment, the MDOR nonetheless has the authority to verify by audit, within certain time limits, the accuracy of any filed tax return. Mass.Gen.Laws ch. 62C, § 26(b). When the MDOR audits a return and determines the return reflects a deficiency, Massachusetts law authorizes the MDOR to assess the proper tax and make a demand for payment. Mass.Gen.Laws ch. 62C, §§ 26(b), 31. When a taxpayer disputes the assessment, state law provides that "[a]ny person aggrieved by the assessment of tax, . . ., may apply in writing to the [MDOR], . . ., for an abatement thereof." Mass.Gen.Laws ch. 62C, § 37. When the MDOR "finds that the tax is excessive in amount or illegal, [the MDOR] shall abate the tax, in whole or in part, accordingly." Mass.Gen.Laws ch. 62C, § 37. The MDOR's decisions with respect to tax abatement are subject to administrative and judicial review. Mass.Gen.Laws ch. 62C, § 39.

## C. Burden(s) of Proof Required Under Massachusetts Law.

■ This otherwise comprehensive statutory framework for tax assessment and dispute resolution is noticeably silent on the allocation of the burden of proof in the instance when a taxpayer disputes the validity, i.e., the amount or legality, of the assessment. Neither do the MDOR's own regulations state which party bears the burden of proof in abatement proceedings. In this case, the MDOR argues that under Massachusetts law, once an assessment is made, the state law process to challenge the assessment is by way of abatement proceeding, and that an objection to a tax claim in bankruptcy is tantamount to a taxpayer's request for abatement. The MDOR further argues that under state law, the taxpayer bears the burden of proving the assessment is either illegal or excessive. The Court agrees with the MDOR's analogy that an objection to a tax claim in bankruptcy is essentially a plea for abatement in another forum. The Court also agrees that the general rule in Massachusetts is that the taxpayer bears the burden of persuasion when alleging a right to abatement because a tax assessment is either illegal or excessive. *See Commissioner of Revenue v. J.C. Penney Co., Inc.,* 431 Mass. 684, 730 N.E.2d 266, 268 (2000); *Koch v. Commissioner of Revenue,* 416 Mass. 540, 624 N.E.2d 91, 100 (1993) (citing *M & T Charters, Inc. v. Commissioner of Revenue,* 404 Mass. 137, 533 N.E.2d 1359, 1359 (1989)).

■ Like most general rules of law, however, this rule too is not without exception, and it does not confer on the MDOR the luxury of arriving in court without *any* evidence of the validity of its assessment. Under Massachusetts law, the validity and legality of a tax assessment are presumptively correct, and the taxpayer bears the burden of proving he is entitled to an abatement as a matter of law. *See Schlaiker v. Board of Assessors of Great*

*Barrington,* 365 Mass. 243, 310 N.E.2d 602, 604 (1974); *Waban, Inc. d/b/a BJ's Wholesale Club v. Commissioner of Revenue,* 1997 WL 309055, *3-4 (Mass.App. Tax.Bd. May 28, 1997). If, however, the challenging taxpayer introduces *prima facie* evidence sufficient to bring that assessment into doubt, it is then incumbent on the MDOR to "establish an evidentiary basis in the record to show the assessment was properly made ..., particularly where the evidence supporting the validity of the assessment is uniquely in the hands of the [MDOR]." *Coan v. Commissioner of Revenue,* 2000 WL 377828, *4 (Mass.App.Tax. Bd. April 3, 2000) (citing *Unitrode Corp. v. Commissioner of Revenue,* 2000 WL 236372, *5 n. 5 (Mass.App.Tax.Bd. February 17, 2000) and *Horvitz v. Commissioner of Revenue,* 1999 WL 187633, *9 n. 2 (Mass.App.Tax.Bd. March 2, 1999)). Thus, though the burden of persuasion always remains with the taxpayer to prove as a matter of law a right to abatement, when that taxpayer introduces "evidence which, standing alone and unexplained," disputes the validity of the tax assessment, the burden of production shifts to the MDOR to introduce at least some record evidence supporting the propriety of the assessment. *Waban,* 1997 WL 309055, *4.

For example, in *Waban, Inc. d/b/a BJ's Wholesale Club v. Commissioner of Revenue,* 1997 WL 309055, the Massachusetts Appellate Tax Board squarely addressed the distinction between the burden of producing rebuttal evidence and the ultimate burden of persuasion on a taxpayer's right to an abatement. *Waban,* 1997 WL 309055, *4-5. As in this case, the taxpayer refuted the MDOR's assessment of certain sales taxes by denying the validity of the amount of the assessment in the taxpayer's abatement petition. *Waban,* 1997 WL 309055, *5. When the MDOR introduced no documentary evidence and little testimony refuting the taxpayer's assertions, the taxpayer alleged a right to a favorable finding on that basis. Notwithstanding its holding that the taxpayer bore the burden of persuasion in the matter,

*Waban,* 1997 WL 309055, *4, the Board nevertheless noted the reduced standard of proof required to shift the burden of production when the burdened party was forced to argue from the negative. *Waban,* 1997 WL 309055, *4. There, as in the case before the Court, the taxpayer was forced to argue that the absence of some evidentiary basis in the record of the MDOR's claim warranted a finding for the taxpayer. The Board agreed with the taxpayer and granted a tax abatement.

Similarly, the Appellate Tax Board also found it proper to assign the burden of production to the MDOR in an instance where the MDOR issued an assessment for withholding taxes and corporate excise taxes which the taxpayer claimed to have at least partially paid. *Coan v. Commissioner of Revenue,* 2000 WL 377828. In that case, the taxpayer stated that some of the taxes claimed by the MDOR had been paid, but that the MDOR's claim did not reflect those credits. In the face of this assertion, the MDOR "was unable to produce any evidence whatsoever as to the amount of tax payments received," even though the relevant records would have been generated only a short time before the hearing before the Board. *Coan,* 2000 WL 377828, *2-3. There, the Board found for the taxpayer and ordered a tax abatement because the MDOR was unable to "establish an evidentiary basis in the record to show the assessment was properly made where [the] taxpayer [had put] the validity of the assessment in doubt; [and] where the evidence supporting the validity of the assessment [was] uniquely in the hands of the [MDOR]." *Coan,* 2000 WL 377828, *4. So, even though Massachusetts statutory and regulatory law do not proscribe burdens of proof in tax abatement proceedings, case law demonstrates that a challenged tax assessment is presumptively correct, shouldering the taxpayer with the burden of proving he is entitled to tax abatement. The taxpayer may, however, shift the burden of production to the taxing authority by introducing

*prima fucie* evidence negating that presumption of validity.

### D. The Parties' Arguments on the Burden of Proof.

#### 1. The Trustee's assertion the Debtor's sales were tax exempt transactions.

■ In an effort to turn the *Raleigh* Court's holding on the MDOR, the Trustee asserts the Audit imposed sales tax liability for tax exempt sales revenues. Relying on two Massachusetts Supreme Judicial Court decisions, the Trustee states that where the MDOR imposes sales tax liability for allegedly exempt transactions, the MDOR bears the burden of proving the transactions were not exempt and properly taxed. *See Commissioner of Revenue v. Purity Supreme, Inc.,* 396 Mass. 287, 485 N.E.2d 952, 954 (1985); *DiStefano v. Commissioner of Revenue,* 394 Mass. 315, 476 N.E.2d 161, 168 (1985). The MDOR counters this assertion by pointing out that the Trustee fails even to aver under what statutory authority he might seek haven for these allegedly exempt transactions. This omission, the MDOR states, requires that the Court disregard this argument. The Court finds merit in the MDOR's suggestion and feels compelled to require more of the Trustee to bring this dispute out into the tax exemption heartland. However, even if the Court assumed, *arguendo,* that the Trustee successfully raised the exemption issue, the Court would find the MDOR failed to satisfy that burden because, aside from its proof of claim, which under Massachusetts law is presumptively correct, the MDOR presented no evidence rebutting the Trustee's challenge to the assessment.

#### 2. The MDOR's assertion the Trustee has failed to satisfy his burden of proving the assessment was invalid.

The MDOR naturally adopts the view that the Trustee bears the burden of prov-

ing the Debtor's estate is entitled to an abatement by disallowance of the Claim. Armed with the Supreme Court's *Raleigh* decision, and further relying on the First Circuit Court of Appeals' decision in *In re Hemingway Transport, Inc.,* 993 F.2d 915 (1st Cir.1993), the MDOR argues conventional wisdom: The MDOR's properly filed proof of claim is *prima facie* evidence of the validity and amount of its claim, Fed. R.Bankr.P. 3001(f), and the Trustee has failed to rebut the proof of claim with substantial evidence. *In re Hemingway Transport. Inc.,* 993 F.2d 915, 925. *Hemingway,* however, does not shelter the MDOR as well as it might first appear. In *Hemingway,* the First Circuit set out a burden shifting framework that first allocated to the objecting party the burden of persuasion by "substantial evidence" questioning either the validity or the amount of the claim. *Hemingway,* 993 F.2d at 925. Once the objecting party offered substantial evidence refuting the validity or amount of the claim, "the *ultimate risk of nonpersuasion* as to allowability of the claim [then resided] with the party asserting the claim." *Id.* (emphasis added). In the wake of *Raleigh,* though, any reference to the First Circuit's "substantial evidence" standard the MDOR advocates is misguided. Therefore, while it is true the MDOR's proof of claim constitutes *prima facie* evidence of the validity and amount of the Claim, Fed.R.Bankr.P. 3001(f); *Hemingway,* 993 F.2d at 925, it is Massachusetts law, and not the now inapplicable "substantial evidence" standard that decides the outcome here.[1]

■ Applying the applicable state law standards above to the objection at hand, the Court must find for the Trustee. Here, the MDOR properly filed a proof of

---

1. It's worthy to note that in *Raleigh,* the Supreme Court also looked to the Federal Rules of Bankruptcy Procedure for guidance on deciding which party bears the burden of proof in such cases. In fact, the Supreme Court made express reference to Rule 3001(f), the very Rule the MDOR seeks to hang its hat on in this proceeding. *Raleigh,* 120 S.Ct. at 1956, n. 2. The Court found, though, that Rule 3001(f) gave no instruction on this issue and ultimately disregarded Rule 3001(f) it in its final analysis. *Id.* at 1958.

claim based solely on the Audit, the worksheets for which are not attached to its proof of claim. The Court acknowledges this would not have been possible because, as the MDOR concedes, those "audit records ... were destroyed by the MDOR on or about December 11, 1999," while this case was pending and after its proof of claim was filed. Notwithstanding this omission, under Massachusetts law, the amount of the MDOR's proof of claim, based on its assessment, is presumptively valid, *see Schlaiker*, 310 N.E.2d at 604, and the Trustee bears the burden of proving the Court should disallow, or, in other words, "abate" the Claim. *See J.C. Penney Co., Inc.*, 730 N.E.2d at 268; *Koch*, 624 N.E.2d at 100; *M & T Charters, Inc.*, 533 N.E.2d at 1359. Here, the parties stipulated to the fact that the Debtor filed tax returns and paid the taxes reflected in those returns. Under Massachusetts law, a tax is deemed "assessed at the amount shown as the tax due upon any return filed ..., or at the amount properly due, whichever is less." Mass.Gen.Laws ch. 62C, § 26(a). Therefore, this Court finds that because Massachusetts law deems a tax assessed in the amount on a return, the Trustee presented *prima facie* evidence, by stipulation, that the amount of the assessment was invalid, thereby shifting the burden of production to the MDOR.

The Trustee having met this admittedly low threshold, *Waban*, 1997 WL 309055, *4, the law now burdens the MDOR with producing some record evidence substantiating its assessment. The MDOR has not satisfied this burden. Nowhere on the MDOR's proof of claim is there an explanation of the amount of the sales tax assessed or how the audit agent arrived at the sums set forth in the proof of claim. Furthermore, the MDOR did not offer the testimony of the MDOR agent who conducted the Audit, if in fact that agent is still with the MDOR or can recall the relevant details about this Debtor's Audit seven years ago. At argument, the MDOR could not even specify whether the Audit and subsequent assessment were based upon the under reporting of sales, or a mis-classification of taxable sales as exempt. Based on the record before the Court, I find this case, like the *Waban* and *Coan* cases, is a case where the Trustee presented *prima facie* "evidence, which standing alone and unexplained," *Waban*, 1997 WL 309055, *4, cast sufficient doubt on the Claim which the MDOR was unable to rebut by "establish[ing] an evidentiary basis in the record to show the assessment was properly made." *Coan*, 2000 WL 377828, *4. As the MDOR has not carried its burden, the Court finds for the Trustee.

Lastly, the Court is perplexed at the MDOR's argument that "[a]ny records that would support the Trustee's objection were presumably turned over to the Trustee by the Debtor, but the Trustee can offer nothing to support his objection but the tax return. Nothing in the tax returns would be sufficient to invalidate the audit assessment and accordingly the Trustee can not [sic] meet his burden in this matter." Mem. of Law by the Commissioner, p. 4. The Court does not find this cavalier assertion convincing, considering that the destruction of the Audit records took place during the pendency of this case. *Coan*, 2000 WL 377828, *2–3. If the Court were to adopt the harsh rule offered by the MDOR, how could any party in this Trustee's position succeed in climbing the virtually vertical hill of persuasion the MDOR claims is required by law? In such cases, where all the necessary evidence is, or at least was, uniquely in the hands of the MDOR, *Coan*, 2000 WL 377828, *4, it is not unreasonable to expect the MDOR to preserve such records during the Debtor's case in order to fulfill its duty to collect taxes perhaps properly owed to the Commonwealth. While the Court does not question the MDOR's good faith in its decision to destroy the Audit records, the Court still cannot accept the height of the evidentiary bar proposed by the MDOR. Such a standard would make it virtually impossible for a taxpayer or his trustee to overcome an assessment, even through

usual discovery means. Thus, while the Court affirms long-standing state law on the burden of proof and resolves that issue, at least in part, in favor of the MDOR, the Court also recognizes the distinction between the burdens of persuasion and production, and finds the MDOR did not satisfy its burden of the latter.

### III.  CONCLUSION

For the reasons set forth herein, the Court hereby ORDERS that the Trustee's objection to the MDOR's amended superceding proof of claim (Claim No. 222) is SUSTAINED, and the claim is hereby disallowed in full.

SO ORDERED.